671 N.W.2d 873 (2003)
PEOPLE of the State of Michigan, Plaintiff-Appellant,
v.
Paul DRAY, Defendant-Appellee.
Docket No. 124516, COA No. 242622.
Supreme Court of Michigan.
December 12, 2003.
On order of the Court, the application for leave to appeal the August 7, 2003 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals for the reason that the order of the Wayne Probate Court is admissible pursuant to M.C.L. § 600.2106, and REMAND this case to the Wayne Circuit Court for further proceedings consistent with this order.
We do not retain jurisdiction.
MARILYN J, KELLY, J., dissents and states as follows:
I respectfully dissent. I agree with the Court of Appeals majority that there was no abuse of discretion on the part of the trial court.
While I agree that the court order could be admitted as evidence under M.C.L. § 600.2106, the analysis must not end there. The probative value of the order cannot be outweighed by the danger of unfair prejudice to the defendant. MRE 403. I believe that a jury instruction would not suffice. Even when properly instructed, a jury would have difficulty differentiating between the clear and convincing evidence civil burden of proof and the beyond a reasonable doubt criminal standard.
Because there is a significant danger of unfair prejudice to the defendant should the order be admitted, I dissent.
YOUNG, J., dissents and states as follows:
I dissent from the order granting the prosecutor's requested relief in this interlocutory matter and I would deny leave to appeal. I agree with the conclusion of dissenting Judge Griffin that the probate court order is properly admissible pursuant to M.C.L. § 600.2106. However, the prosecutor rested solely on MRE 803(23) in advocating the admission of the probate court order, and the statutory basis for its admission was apparently raised sua sponte by Judge Griffin. Because the prosecutor did not at any time raise and preserve the argument that M.C.L. § 600.2106 required admission of the proffered evidence, the trial court simply cannot be said to have abused its discretion in failing to admit the order on that basis.
MICHAEL F. CAVANAGH, J., concurs in the dissent of YOUNG, J.